# In the United States Court of Federal Claims

No. 09-33309

(Filed: October 21, 2021)[1]

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CONNIE L. ADAMS, *et al.*, | \* |
| | \* |
| Plaintiffs, | \* |
| | \* |
| v. | \*    *Pro Se*; RCFC 41(b). |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

Before the Court is the government's "Motion to Dismiss Claims of Thirty-Four 'Group Nine' Plaintiffs for Want of Prosecution" pursuant to Rule 41(b) of the Rules of the Court of Federal Claims (RCFC). ECF No. 566 (Koopman). For the reasons explained below, the Court grants-in-part and denies-in-part the government's motion.[2]

### I.   BACKGROUND

This case involves a group of retired United Airlines pilots who allege that they are individually owed a partial refund of Federal Insurance Contributions Act (FICA) taxes paid on non-deferred compensation benefits. All plaintiffs are proceeding *pro se*. This case has a lengthy history, and familiarity with its background is presumed. *See e.g.*, *Balestra v. United States*, 803 F.3d 1363 (Fed. Cir. 2015) (dismissing Balestra Plaintiffs' claims); *Koopmann v. United States*, No. 09-333T, 2020 WL 1844657 at \*1 (Fed. Cl. Apr. 10, 2020), *reconsideration denied,* No. 09-CV-333T, 2020 WL 6938018 (Fed. Cl. Nov. 24, 2020) (dismissing Bates Plaintiffs' claims); *Koopmann v. United States*, 150 Fed. Cl. 290, 292 (2020) *reconsideration denied,* No. 09-CV-

---

[1] In order to promote clarity and transparency, the Court also filed this opinion in *Koopmann, et al. v. United States*, 09-3333, and *Barnes, et al. v. United States*, 09-33308.

[2] All of the individual plaintiffs subject to Defendant's motion were severed from *Koopmann* and placed in *Adams, et al. v. United States*, 09-33309, by the Court in a previous order. *See* ECF No. 565 (Koopmann) at 5.  Defendant filed its motion to dismiss in *Koopmann, et al. v. United States*, 09-333, but, as it notes in its motion, it did so because *Adams* had not yet been created when Defendant filed its motion. ECF 566 (Koopmann) at 3. By filing its reply in support of its motion in both *Adams* and *Koopmann*, Defendant demonstrated its intent to move for the dismissal of those plaintiffs that were assigned to *Adams* and for the entry of final judgment in *Adams*. *See* ECF Nos. 3 (Adams) at 1, 10; 569 (Koopmann) at 1, 10. Accordingly, the Court will direct the entry of final judgment in *Adams* only.

333 T, 2021 WL 75034 (Fed. Cl. Jan. 8, 2021) (dismissing Plaintiff Brashear's claims); *Koopmann v. United States*, 150 Fed. Cl. 299, 301 (2020) *reconsideration denied,* No. 09-CV-333 T, 2021 WL 75034 (Fed. Cl. Jan. 8, 2021) (dismissing Plaintiff Koopmann's claims); *Koopmann v. United States,* No. 09-CV-333 T, 2020 WL 7054417 (Fed. Cl. Dec. 1, 2020), *on reconsideration in part*, No. 09-CV-333 T, 2021 WL 29506 (Fed. Cl. Jan. 5, 2021) (dismissing seventeen plaintiffs' claims for failure to prosecute). For the purpose of the government's instant motion to dismiss, the Court describes only the relevant procedural history.

On January 12, 2021, the Court ordered each individual plaintiff remaining in these cases to file a completed short form complaint or an equivalent document meeting the requirements of RCFC 9(m) by March 1, 2021 (the "January 12th Order"). ECF No. 391 (Koopmann) at 13. The Court explained that "a plaintiff seeking a refund of taxes in this Court must file a complaint that comports with the pleading requirements of [RCFC] 9(m), which reflects pleading requirements necessary to meet the jurisdictional threshold established by 26 U.S.C. § 7422(a)." *Id*. at 11; RCFC 9(m). The Court reasoned that the short form complaint proposed by the Defendant "is simply a tool to assist each plaintiff in providing the information required by [RCFC] 9(m)." *Id*. at 12. Further, the Court stated that, without the required RCFC 9(m) information, "Defendant is unable to meaningfully respond to plaintiffs' claim(s) and this Court cannot properly determine whether it possesses jurisdiction to adjudicate plaintiffs' claim(s) for a tax refund." *Id*. at 12. Given the necessity of the RCFC 9(m) information to each plaintiff's claim, the Court concluded that "each individual plaintiff must comply with [RCFC] 9(m)'s requirements." *Id*.

After several plaintiffs filed short form complaints or equivalent information in advance of the original deadline, the Court, *sua sponte*, extended the filing deadline to April 1, 2021 "[d]ue to the significance of the [RCFC] 9(m) requirements to each individual plaintiff's case" (the "March 9th Extension Order"). ECF No. 517 (Koopmann). In granting the extension, the Court emphasized that "[t]he Court will not accept short form complaints or equivalent documents filed after April 1, 2021." *Id*. The Court received several additional short form complaints after the extension was granted and prior to expiration of the extended deadline. *See* ECF Nos. 518-25, 528, 530-31, 533-37, 541, 544-48, 553 (Koopmann).

A status conference was held on May 4, 2021 to discuss further proceedings. After the status conference, the Court issued a Case Management Order on May 27, 2021 (the "May 27th Order") in which the Court acknowledged that "[s]everal plaintiffs failed to meet the Court's extended deadline of April 1, 2021 for filing a short form complaint (or equivalent information)." ECF 559 (Koopmann). As proposed by the Defendant during the status conference, the Court established a briefing schedule for the Defendant to file a motion to dismiss such plaintiffs' claims for failure to prosecute. *Id*. at 2. The Court explained that each plaintiff "will have the opportunity to respond to the Defendant's motion and explain why they failed to timely file a short form complaint or equivalent information." *Id*. To ensure compliance by the plaintiffs with RCFC 83.1(a)(3), which prohibits non-attorneys from representing other individuals, the Court emphasized that "[e]ach plaintiff must file their own response setting forth their own explanation." *Id*.

The Court issued another Case Management Order on July 23, 2021 in which the Court granted-in-part and denied-in-part the Defendant's motion to sever and consolidate. ECF No. 565

(Koopmann). The Court severed the claims of the individual plaintiffs into nine groups of cases and then consolidated the cases for case management purposes. *Id*. Those plaintiffs who had filed short form complaints or equivalent information in accordance with the January 12th Order or March 9th Order were organized into groups based on common facts (Groups 1-8), and those plaintiffs who had failed to timely file a short form complaint or equivalent information were organized into Group 9. *Id*. at 3-4. The Defendant was ordered to file its motion to dismiss for want of prosecution in accordance with the May 27th Order. *Id*. at 5. The Court again reminded plaintiffs that "pursuant to RCFC 83.1(a)(3) of the Rules of the Court of Federal Claims, an individual who is not an attorney may not represent another person in any proceeding before this Court" and, "[a]ccordingly, individual plaintiffs are not permitted to file on behalf of other plaintiffs." *Id*.

On July 26, 2021, the Defendant filed the instant motion to dismiss the thirty-four "Group Nine" plaintiffs, each of whom failed to file a short form complaint or equivalent information on or before April 1, 2021 in accordance with the Court's orders. ECF No. 566 (Koopmann). The government argues that these plaintiffs should be dismissed for want of prosecution.

A response to the Defendant's motion to dismiss was filed on August 9, 2021. ECF No. 567 (Koopmann). The response was signed by four plaintiffs, three of whom are directly affected by the Defendant's motion to dismiss: Judy O'Daniel (for Samuel C. O'Daniel), Kenneth Page, and Phillip Simon.[3] *Id*. at 7. The Defendant notified the Court in its reply that, in addition to the three plaintiffs who signed the response, two other plaintiffs directly affected by the motion to dismiss—Carol A. Halstead (for Jay A. Halstead) and James B. Morehead—submitted responses directly to Defendant's counsel yet filed nothing with the Court. ECF Nos. 3 (Adams) at 2; 569 (Koopmann) at 2.

## II. LEGAL STANDARDS

Under RCFC 41(b), "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." RCFC 41(b); *see also Claude E. Atkins Enters., Inc., v. United States*, 899 F.2d 1180, 1183-84 (Fed. Cir. 1990) (finding dismissal proper when a party failed to comply with a court's order). RCFC 41(b) dismissal is a drastic action reserved for instances of non-compliance, such as a failure to comply with court orders. *See Velasquez v. United States*, 2 Cl. Ct. 347, 348 (1983). However, RCFC 41(b) is a necessary tool for managing the docket and ensuring the orderly disposition of cases. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). While *pro se* plaintiffs are afforded leniency in procedural matters, such leniency does not insulate them from dismissal for failure to comply with court-ordered deadlines. *See Carpenter v. United States*, 38 Fed.Cl. 576, 578 (1997).

---

[3] Wesley P. Fetzer presumably signed on behalf of the informal plaintiff committee. However, pursuant to RCFC 83.1(a)(3), as a non-attorney, Mr. Fetzer is not permitted to represent other individual plaintiffs in this matter.

### III. DISCUSSION

The January 12th Order and March 9th Order were clear. The January 12th Order instructed each individual plaintiff to file a completed short form complaint or an equivalent document that meets the requirements of RCFC 9(m) by March 1, 2021. ECF 391 at 13. To assist plaintiffs with compliance, the Court attached a short form complaint form that satisfied the RCFC 9(m) requirements for optional use by plaintiffs. *Id*. at 13, Appx A. The Court further instructed that "no plaintiff may provide the Court with the requisite [RCFC] 9(m) information as it relates to any plaintiff other than his or herself." *Id*. at 13. Also, the Court stated, "[i]f a plaintiff cannot provide the requested information, the plaintiff must note this to the Court in his or her filing and, if relevant, explain the circumstances." *Id*. Several individual plaintiffs complied with the January 12th Order by filing short form complaints or equivalent information. *See* ECF Nos. 388, 390, 429, 431-64, 466- 512 (Koopmann).

The March 9th Order granted an extension of time to April 1, 2021 for each individual plaintiff to file a short form complaint or equivalent information. ECF 517. The Court explained that the extension was granted *sua sponte* "[d]ue to the significance of the [RCFC] 9(m) requirements to each individual plaintiff's case." *Id*. In bold font, the Court stated that it "will not accept short form complaints or equivalent documents filed after April 1, 2021." *Id*. The Court attached the previously-provided short form complaint form for convenience. *Id*. Several more plaintiffs took advantage of this extended deadline and complied with the March 9th Order by filing short form complaints or equivalent documents ahead of the April 1st deadline. See ECF Nos. 518-525, 528, 530-537, 541, 544-548.

While the Court is mindful of the procedural complexity and long duration of these cases, as well as the plaintiffs' *pro se* status, the Court finds that the nature of the information requested and applicable deadlines were readily comprehensible from the Court orders, and each plaintiff's failure to respond to the Court's order by timely filing a short form complaint or equivalent information provides sufficient grounds to dismiss their individual claims for failure to prosecute. See *Koopman v. United States*, 151 Fed.Cl. 336, 340 (2020). Accordingly, the Court concludes that the claims of the twenty-nine individual plaintiffs who were non-responsive to the Court's order to file a short form complaint or equivalent information and also took no action in response to the Defendant's motion to dismiss should be dismissed for failure to prosecute pursuant to RCFC 41(b).

With regards to the five individual plaintiffs who either signed onto the response to the Defendant's motion to dismiss or submitted a response directly to the Defendant's counsel, the Court views their responses as a desire to continue to prosecute their individual cases. Accordingly, the Defendant's motion to dismiss the individual claims of these five plaintiffs is denied. While it is undisputed that these five plaintiffs each failed to comply with the Court's order, the Court informed all "Group Nine" plaintiffs in its May 27th Order that each would have an opportunity to explain their non-compliance as part of a response to the Defendant's motion to dismiss. Given the plaintiffs' *pro se* status, the Court accepts the individual responses from these five plaintiffs as sufficient for avoiding dismissal.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS IN PART** Defendant's motion as it relates to the following twenty-nine (29) individual plaintiffs from "Group Nine":

(1) Connie L. Adams (for Larry H. Adams); (2) Jon P. Beckett; (3) Lyle H. Burhans; (4) Mary A. Burrus (for Gary M. Burrus); (5) Somchit Fendelander; (for Dennis D. Fendelander); (6) Lawrence J. Grube, Jr.; (7) Fred A. Gumpert; (8) William P. Hanifan; (9) Jerry D. Hathaway; (10) John B. Hilderbrant, Jr.; (11) Jerry Holmes; (12) Richard D. Hurst; (13) Ronald W. Jersey; (14) Thomas E. Jones; (15) Martin A. Kee; (16) James P. Lattimer; (17) John R. Linderman; (18) Mark Lund; (19) David E. Manzel; (20) James D. Marshall; (21) Charles J. Mathis; (22) Dennis P. Morell; (23) David D. Murtha; (24) Robert L. O'Neill; (25) Michael A. Perry; (26) William T. Smithdeal, III; (27) Paul P. Tucker; (28) Robert W. Van Nuise, II; (29) William J. Wheadon.

The claims of the above twenty-nine (29) plaintiffs are **DISMISSED WITH PREJUDICE** pursuant to RCFC 41(b). Pursuant to RCFC 54(b), there being no just reason for delay, the Clerk is **DIRECTED** to enter judgment against these plaintiffs.[4]

The Court **DENIES IN PART** Defendant's motion as it relates to the following five (5) individual plaintiffs from "Group Nine":

(1) Judy A. O'Daniel (for Samuel C. O'Daniel); (2) Kenneth N. Page; (3) Phillip R. Simon; (4) Carol A. Halstead (for Jay A. Halstead); (5) James B. Morehead.

The Clerk **SHALL MOVE** these five (5) plaintiffs from "Group Nine" to "Group Eight," which encompasses plaintiffs with "[u]nknown retirement dates, FICA payment dates, and/or refund claim dates, resulting from deficiencies in plaintiffs' more definite statement." These five (5) individual plaintiffs are moved into "Group Eight" because each is still required to comply with the informational requirements of RCFC 9(m) and the information provided to date is deficient. Accordingly, the Clerk is **DIRECTED** to move plaintiffs Judy A. O'Daniel (for Samuel C. O'Daniel); Kenneth N. Page; Phillip R. Simon; Carol A. Halstead (for Jay A. Halstead); James B. Morehead from *Adams, et al. v. United States*, 09-33309, to *Barnes, et al. v. United States*, 09-33308. The Clerk **SHALL CLOSE** *Adams, et al. v. United States*, 09-33309, upon the entry of judgment.

Defendant **SHALL SUPPLEMENT** the five (5) individual plaintiff's information with available information to satisfy the RCFC 9(m) requirements. To the extent Defendant is unable to supplement any of these individual plaintiff's information, Defendant **SHALL SERVE** written discovery requests on such individual plaintiffs to ascertain the jurisdictional facts needed to meaningfully respond to their individual claims. Defendant **SHALL FILE** a status report in *Barnes, et al. v. United States*, 09-33308, **no later than November 22, 2021** updating the Court on the status of the RCFC 9(m) information for these five (5) individual plaintiffs.

---

[4] Plaintiffs have sixty (60) days from the date judgment is entered against them to file an appeal to the United States Court of Appeals for the Federal Circuit. *See* RCFC 58.1.

5

As a reminder, individual plaintiffs must submit all filings directly to the Court and serve a copy of each filing on Defendant's counsel. RCFC 5(a). Additionally, pursuant to RCFC 83.1(a)(3), an individual who is not an attorney may not represent another person in any proceeding before this Court. Accordingly, individual plaintiffs are not permitted to file on behalf of other plaintiffs.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz<br>THOMPSON M. DIETZ, Judge